NOT YET SCHEDULED FOR ORAL ARGUMENT

Nos. 25-1198, 25-1202, 25-1254 (consolidated)

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

SIERRA CLUB, et al.,
*Petitioners*,

v.

UNITED STATES DEPARTMENT OF ENERGY, et al.,
*Respondents*.

Petition for Review of United States Department of Energy Order No. 202-25-7

**REPLY IN SUPPORT OF RESPONDENTS' MOTION TO CONSOLIDATE AND TO GOVERN FURTHER PROCEEDINGS**

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
ROBERT LUNDMAN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-0402
rebecca.jaffe@usdoj.gov

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A. Parties and Amici

Petitioners in case no. 25-1198 are Sierra Club, Natural Resources Defense Council, Michigan Environmental Council, Environmental Defense Fund, Environmental Law and Policy Center, Vote Solar, Union of Concerned Scientists, Ecology Center, and Urban Core Collective. Petitioner in case no. 25-1202 is the State of Michigan. Petitioners in case no. 25-1254 are the States of Minnesota and Illinois. Respondents are Chris Wright, Secretary of the United States Department of Energy, and the United States Department of Energy.

## B. Rulings Under Review

Petitioners challenge Department of Energy Order No. 202-25-7, which was issued on August 20, 2025.

## C. Related Cases

Under Circuit Rule 28(a)(1)(C), this case is related to *People of the State of Michigan v. United States Department of Energy*, Nos. 25-1159, 25-1160, 25-1162 (consolidated) (D.C. Cir.). This case is also related to *Sierra Club v. United States Department of Energy*, Nos. 26-1024, 26-1025, and 26-1028 (consolidated) (D.C. Cir.).

>  /s/ *Rebecca Jaffe*
>  REBECCA JAFFE
>  Counsel for Federal Respondents

The Court should consolidate the above-captioned cases, the Campbell 2 cases (nos. 25-1198, 25-1202, and 25-1254), with the Campbell 1 cases (nos. 25-1159, 25-1160, and 25-1162). In doing so, the Court should order coordinated briefing for all the consolidated cases. Consolidation is appropriate because both the Campbell 1 and 2 Orders were issued under the same statutory authority and both Orders direct the same coal plant to continue operating. The Campbell 2 Order contains additional reasoning explaining the Department of Energy's (DOE) rationale, and the Court should consider that reasoning.

Consolidation will also be more efficient than Petitioners' abeyance proposal because the Court will have only one set of briefing and one argument for both the Campbell 1 and 2 cases. Petitioners instead contend that the Court will only need "limited briefing" in the Campbell 2 cases, not full briefing. Petrs' Opp'n at 13 (filed Feb. 2, 2026). DOE disagrees that less-than-full-briefing would be needed to resolve the Campbell 2 cases under Petitioners' proposal. But even if that is true (which DOE does not concede), the Court would still have to consider another set of briefs (regardless of length) and likely hold a separate oral argument on the Campbell 2 cases. Given that the Court has not yet scheduled oral argument in the Campbell 1 cases and given that the Campbell 1 cases are not fully briefed, consolidating the Campbell 1 and 2 cases will promote judicial economy. At this early stage—before the Campbell 1 cases are fully briefed and before any

1

argument has been scheduled—the Court should consolidate Campbell 1 and 2 to promote judicial economy and ensure that it has a complete picture of the issues in these important cases.

In its motion to govern, DOE noted that Petitioners' Campbell 1 opening briefs claim that DOE used post hoc rationales in its response to Petitioners' Campbell 1 rehearing requests. DOE Mot. at 6 (citing Petitioners' opening briefs). DOE explained that, if the Court were to rule on the adequacy of the rationale in Campbell 1 and decline to consider DOE's explanations in its rehearing response as post hoc, then the effect would be to just kick the can down the road until the Court lifts the abeyance in Campbell 2 and that case is litigated. *Id.* In response, Petitioners argue that their post hoc argument is limited, and they also respond on the merits citing specific record documents. Petrs' Opp'n at 10. Their response shows that consolidation is warranted. If the Court needs to parse record documents and consider merits arguments to determine whether two cases should be consolidated, then it should consolidate them and consider them together.

Petitioners complain that DOE had not yet moved for an extension of its Campbell 1 answering brief deadline before filing its motion to govern the Campbell 2 cases. Petrs' Opp'n at 14-16. But DOE noted in its motion to govern that it planned to file an extension motion in the Campbell 1 cases. DOE Mot. 9-10, 10 n.4. And DOE filed its Campbell 1 extension request on February 3, 2026,

three weeks before the current due date for the brief and well before the seven-day deadline mandated in Circuit Rule 28(e)(2) (which would have been February 17 for a brief due on February 24). DOE's need for an extension is fully justified, based on the undersigned counsel's work conflicts (and a family commitment).

Petitioners suggest, as an alternative to holding the Campbell 2 cases in abeyance, that the Court order parallel briefing of the Campbell 2 cases with the Campbell 1 cases to allow both cases to be heard for oral argument this spring. Petrs' Opp'n at 13. First, that approach will not promote judicial economy because the Court will have two sets of overlapping briefs to consider. Second, that approach is not feasible for Respondents, particularly the undersigned counsel, who is unable to brief both cases at the same time. *See* Respondents' Campbell 1 Extension Mot., No. 25-1159 (filed Feb. 3, 2026) (listing deadlines and other conflicts that necessitate an extension).

Petitioners also suggest that the Court adopted their Campbell 1 briefing schedule, "the most important element" of which was "oral argument by Spring 2026." Petrs' Opp'n at 4. But the Court has not yet scheduled the Campbell 1 cases for oral argument. It is common for parties to request an extension, even of a negotiated briefing schedule, and courts often grant these requests.

Petitioners suggest that DOE's Campbell 1 extension request creates a risk that petitioners will file more emergency motions. Petrs Opp'n at 16-17. A

3

reasonable extension request does not make a case an emergency. A stay pending appeal is an "extraordinary remedy" that requires the movant to make a strong showing that he is likely to succeed on the merits, irreparable injury will occur absent a stay, and the public interest and balance of the equities favor an extension. *Nken v. Holder*, 556 U.S. 418, 426, 428 (2009); *see also* 16 U.S.C. § 825*l*(c) (Seeking judicial review under the Federal Power Act "shall not, unless specifically ordered by the court, operate as a stay of [DOE]'s order."). Petitioners did not move for emergency relief and made no effort to satisfy those requirements.

The Court should consolidate the Campbell 1 and 2 cases and should order coordinated briefing for the consolidated cases.

Respectfully submitted,

/s/ *Rebecca Jaffe*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
ROBERT LUNDMAN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

*Counsel for Federal Respondents*

February 9, 2026
90-13-5-17962

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 887 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *Rebecca Jaffe*
REBECCA JAFFE
Counsel for Federal Respondents